UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI RAZA (A No. 221 395 852),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-7028 DAD CKD P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility proceeds with petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the reasons which follow, the court recommends that the petition be DENIED.

I. <u>Background</u>

On April 4, 2025, petitioner, a citizen of Pakistan, attempted to enter the United States near San Ysidro and was detained by border patrol. ECF No. 5-1 at 1-2. He was charged with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). On February 20, 2026, an immigration

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

judge ordered petitioner's removal. ECF No. 5-2 at 4-7. According to petitioner, his appeal of that decision is pending before the Board of Immigration Appeals (BIA). ECF No. 1 at 5.

On March 5, 2026, in Southern District of California case 3:26-cv-0864 TWR MMP, Judge Robinson found that petitioner was entitled to an individualized bond hearing pursuant to the Due Process Clause of the Fifth Amendment. Judge Robinson ordered that petitioner be provided with a hearing provided for in 8 U.S.C. § 1226(c) and implementing regulations. A hearing was held on March 10, 2026, and petitioner was denied release as it was determined he is a flight risk. ECF No. 5-3 at 1-2. There is no record of petitioner appealing that decision. Instead, petitioner challenged denial of release in two habeas actions, both filed, again, in the Southern District; 3:26-cv-2171 TWR SBC and 3:26-cv-2755 TWR MMP. Both petitions were denied due to petitioner's failure to appeal to the BIA.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

Essentially, petitioner claims the length of his detention violates federal law.[2] However,

[2] To the extent petitioner challenges the result of the bond hearing he was provided, such challenge cannot be brought since petitioner already made that challenge in the Southern District and judgement in both habeas actions is final. Petitioner's recourse as to those decisions was to appeal to the Ninth Circuit. Petitioner did not.

petitioner fails to point to any authority suggesting that time already spent in ICE custody entitles petitioner to release into the United States. In DHS v. Thuraissigiam, 591 F.3d 103 (2019), the Supreme Court found that persons such as petitioner, who were not authorized to enter the United States and were detained at or near the border around the time of entry, are entitled to only those rights granted by Congress. Id. at 138. Congress has not established that a person such as petitioner is entitled to release simply based upon the amount of time in custody. It has already been decided that petitioner is entitled to the benefits of 8 U.S.C. § 1226(a) and implementing regulations. Any relief from detention sought by petitioner should be within the confines of that law and those regulations.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be DENIED; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ali7028.imm.frs